## FLEMING v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 10008.   Decided July 1, 1929

Messrs. G. W. Spooner & S. Glenn, Cleveland, for Fleming.

Messrs. Ray T. Miller, & P. L. A. Leighley, Cleveland for State .

RICHARDS, J.

All of the evidence was fairly submitted to the jury, whose province it was to determine the issues of fact, and we certainly can not say that the verdict is manifestly against the weight of the evidence.

It is contended by counsel for Fleming that the bribery statute contemplates and implies influence to be exerted by the recipient of the bribe after the same is paid, and that if money should be paid without any promise so to do and as a gratuity after the services had been rendered, it would not be a violation of the statute. **Curtis vs. State, 113 Ohio St., 187.** The argument on which that contention is based assumes that the second ordinance, the one for $354.00, had nothing to do with the transaction on which the indictment is founded, and that the two ordinances bear no relation to each other. We do not so read the evidence contained in the bill of exceptions. The jury may well have found that the $200.00 was paid as a bribe for services to be rendered by Fleming in securing the payment of the second claims as well as for services rendered in securing the passage of the first ordinance. If the $200.00 item included payment as a bribe for influence thereafter to be exerted by the defendant, it would be a violation of the statute notwithstanding he had theretofore used his influence to secure the passage of the first ordinance. The language of the indictment charges that the payment of $200.00 was to influence Fleming in a matter that might legally come before him as a member of the city council, and that necessarily relates to the future.

The defendant submitted certain instructions before argument and requested that they be given. They refer to the claim that bribery concerns action in the future only. The trial judge refused to give these instructions. He was not, of course, bound to give them in a criminal action before argument, and in so far as they contain correct propositions of law they are given in the general charge. In that charge the jury was instructed that bribery concerns and must apply to an act to happen in the future and that the defendant could not be convicted of soliciting or accepting a bribe concerning the ordinance for $1740.65 but did say to the jury that the evidence admitted relative to that ordinance was to be considered for what the jury, in its honest judgment, might deem it worth in determining whether the defendant solicited or ac-

cepted a bribe concerning some act in his official capacity as to the ordinance described in the indictment.

We find no error to the prejudice of the plaintiff in error in the general charge. Indeed, it contains a fair statement of the law applicable to the case and no instructions were asked to be given relating to the credit to be accorded the testimony of Oehme.

We have examined all the other claimed errors but find none to the prejudice of the plaintiff in error.

Complaint is made of the severity of the sentence, it being for two years and nine months in the penitentiary, but that is a matter resting in the sound discretion of the trial court and with which this court has nothing to do.

For the reasons given the judgment will be affirmed.

Williams and Lloyd, JJ, concur.